IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO GARCIA MENDOZA

           Petitioner,

   v.

STEVE FRANKE, Superintendent,
Two Rivers Correctional
Institution,

           Respondent.

Case No. 2:12-cv-02095-HU

FINDINGS AND RECOMMENDATION

MICHELLE MARIE SWEET
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

   Attorney for Petitioner

MARY H. WILLIAMS
Deputy Attorney General
ANDREW D. HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

   Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

HUBEL, Judge

Petitioner Antonio Garcia Mendoza, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition should be denied, and this proceeding should be dismissed.

## BACKGROUND

In 1995, petitioner drove into a parking lot in his two-tone Ford Bronco and parked next to a small pickup truck. Petitioner exited the Bronco, walked toward the pickup and shot the pickup driver and its passenger in the head at close range. Petitioner returned to his Bronco and sped away. The two victims, petitioner's ex-girlfriend Celia Olloqui and her friend Roberto Rivera, survived, but were permanently disabled. Petitioner abandoned the Bronco and fled before being apprehended, although he left behind physical evidence linking him to shootings. The firearm used in the crimes was never recovered.

Ten years after the incident, petitioner was arrested in Tennessee and extradited to Oregon. Petitioner was charged with Attempted Aggravated Murder (Counts One and Two), Assault in the First Degree with a Firearm (Counts Three and Four), Carrying a Dangerous Weapon (firearm) with Intent to Use It Unlawfully (Counts Five and Six), and Intentionally Discharging a Weapon (firearm)

2 - FINDINGS AND RECOMMENDATION

within City Limits (Count Seven). Following a jury trial, petitioner was convicted on all counts.

Petitioner directly appealed his sentence, arguing that the trial court erred in sentencing him to consecutive sentences for the attempted murder and first degree assault convictions under O.R.S. § 137.123(5). The Oregon Court of Appeals agreed, concluding that the trial court failed to make proper sentencing findings, and remanded the case for re-sentencing. State v. Mendoza, 225 Or. App. 497, 499, 202 P.3d 191 (2009).

Petitioner was re-sentenced to 60 months on Counts One and Two, 90 months on Counts Three and Four, 36 months on Counts Five and Six, and 60 months on Count Seven. Counts Three, Four, and Seven were made consecutive to each other and included a 60-month mandatory minimum pursuant to O.R.S. § 161.610 for use of a firearm in Count 7, for a total sentence of 240 months.

Petitioner sought state post-conviction relief (PCR), alleging five grounds of ineffective assistance of counsel. The PCR court denied relief. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Exs. 124-25.

////
////
////
////

3 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

In his petition, petitioner asserts five grounds of ineffective assistance of trial counsel.[1] Respondent moves to deny habeas corpus relief because the state court's rejection of grounds one through five is entitled to deference. Respondent is correct.

## I. **Standards**

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). Factual findings of the state courts are presumed to be correct, and this presumption may only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under Strickland v. Washington, to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984); Bell

---

[1] In his supporting memoranda, petitioner has affirmatively withdrawn ground six and therefore, the court does not address that ground for relief.

v. Cone, 535 U.S. 685, 698-99 (2002). Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficiency of performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To establish prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell, 535 U.S. at 695; Strickland, 466 U.S. at 687, 694.

## II. Grounds One and Two

In ground one, petitioner argues that trial counsel was ineffective in failing to argue that evidence was insufficient to convict him of Counts Five, Six, and Seven because no weapon was ever recovered. In Ground Two, petitioner argues that trial counsel was ineffective for failing to argue that the Court should not have imposed the mandatory minimum sentence on Count Seven for using a firearm because no gun was ever found.

Petitioner presented these arguments to the PCR court, who made the following findings:

> There were no grounds to object that a gun was never found. There was sufficient evidence from the witnesses, from the medical evidence, clearly a gunshot. And from the matching bullet found in Petitioner's clothing proved there was a gun.

Resp. Ex. 119, p. 8.

5 - FINDINGS AND RECOMMENDATION

Petitioner has failed to present clear and convincing evidence in this court to overcome the presumption of correctness given to the PCR's factual findings that there was sufficient evidence presented at trial to establish that a firearm was used to commit the crimes, despite that a firearm was never recovered. 28 U.S.C. § 2254(e)(1). As such, that finding is entitled to deference. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

Furthermore, petitioner has failed to establish that the PCR court's determination was unreasonable in light of the overwhelming circumstantial evidence that a firearm was used to commit the crimes. As the PCR court detailed, and a review of the transcript confirms, several witnesses testified that they saw petitioner with a gun, and that he shot the victims with a revolver. Moreover, there was testimony from the paramedic that the victims' injuries were consistent with gunshot wounds, and testimony from the Oregon State Police Officer who found bullets matching those used in the crimes in the front pocket of pants recovered from petitioner's vehicle. Lastly, as the PCR court detailed, there was medical evidence presented at trial that bullet fragments were recovered from the victims' bodies, proving the crimes were committed with a firearm. Thus, trial counsel's failure to argue for acquittal on Counts Five and Six or to argue against the imposition of a mandatory minimum sentence for use of a firearm on Count Seven

because no weapon was recovered clearly did not fall below an objective standard of reasonableness.

Accordingly, the PCR court's rejection of grounds one and two was neither contrary to, nor an unreasonable application of *Strickland*, or an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)&(2).

### III. Ground Three

In ground three, petitioner argues that trial counsel was ineffective when he failed to argue at re-sentencing that the 60-month sentence he received on Count Seven (discharging a firearm) should not be consecutive to Counts Three and Four because they were all part of the same transaction or occurrence. According to petitioner, trial counsel's failure to make that argument fell below an objective standard of reasonableness because the facts of his case do not support an exception to the presumption against consecutive sentences under O.R.S. § 137.123.

The PCR Court rejected this claim finding:

> There were no grounds to object to the consecutive sentence on count number seven based on the theory of that count, and insufficient evidence on any other inadequacies by counsel.

Resp. Ex. 119, p. 8.

The PCR court's determination is entitled to deference. Ground three involves the interpretation and application of state law and this court is bound by a state court's interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Mendez

7 - FINDINGS AND RECOMMENDATION

v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002).  Therefore, I conclude that the PCR court's rejection of ground three was not contrary to, or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d).

**IV.  Ground Four**

In ground four, petitioner argues that trial counsel was ineffective when he failed to more thoroughly cross-examine witnesses.  According to petitioner, trial counsel should have more fully highlighted for the jury that more than 10 years had elapsed between the shooting and trial, and that counsel's failure impacted the jury's verdict.  The PCR court considered and rejected this claim.

In this proceeding, petitioner has presented no evidence that trial counsel's cross-examination of the State's witnesses was inadequate.  To the contrary, the record reflects that trial counsel cross-examined many of the State's witnesses, and attempted to highlight changes in perceptions due to the passage of time. Additionally, petitioner fails to identify any particular instance where counsel's cross-examination was inadequate, what additional testimony a more thorough cross-examination would have yielded, or what difference that testimony would have had on the outcome of the trial.  Petitioner's unsupported speculation does not satisfy his heavy burden to demonstrate specifically how counsel's cross-examination fell below an objective standard of reasonableness.

8 - FINDINGS AND RECOMMENDATION

Strickland, 466 U.S. at 690 (to establish ineffective assistance, petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"); Matylinsky v. Budge, 577 F.3d 1083, 1091 (9th Cir. 2009).

Accordingly, I conclude the PCR court's rejection of ground four is neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

**IV. Ground Five**

In ground five, petitioner argues that trial counsel rendered deficient performance when he failed to ask for a continuance. According to petitioner, additional time was needed so that all information could have been adequately reviewed with him prior to trial. However, petitioner has presented no specific evidence detailing how counsel's trial preparation was inadequate, or how a continuance would have made a difference in the outcome of the trial in light of the overwhelming evidence against him. Again, petitioner's conclusory arguments are insufficient to demonstrate that the PCR court's rejection of his ineffective assistance claim was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, habeas relief is not warranted on ground five of petitioner's petition.

In summary, petitioner has failed to show that the PCR court's rejection of his ineffective assistance of trial claims was

9 - FINDINGS AND RECOMMENDATION

contrary to or an unreasonable application of *Strickland,* or based on an unreasonable determination of the facts in light of the evidence presented. Therefore, habeas relief on grounds one through five should be denied.

## **CONCLUSION**

Based on the foregoing, petitioner's petition for Writ of Habeas Corpus (#2) should be DENIED, and this proceeding should be DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, I recommend that a certificate of appealability be DENIED. See 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due on May 21, 2014. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due on June 5, 2014 and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 7th day of MAY, 2014.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION

11 - FINDINGS AND RECOMMENDATION